UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| CHRISTOPHER CAMPBEL )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ROBERT ZINK, JEREMY SULLIVAN, )<br>DAVID PFINDEL, JOHN/JANE DOES )<br>#1-10 (fictiously named), and )<br>VERMONT STATE POLICE, )<br>Defendants. ) | Civil No. 2:22-cv-00006 |

## DEFENDANT VERMONT STATE POLICE'S MOTION TO DISMISS

Defendant Vermont State Police (VSP) moves to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) because the claims against it are barred by sovereign immunity.[1]  VSP submits the attached Memorandum of Law in support of its motion to dismiss.

## MEMORANDUM OF LAW

Plaintiff Christopher Campbell has filed a five-count Complaint against VSP in connection with his arrest and detention on February 23, 2021.  Campbell alleges three claims against VSP pursuant to 42 U.S.C. § 1983, claiming excessive force (Count I), failure to provide medical care (Count II), and failure to intervene (Count III).  Campbell also asserts two state law claims against VSP, under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1376(a), alleging assault and battery (Count IV) and negligence (Count V).  Each of these claims is barred by sovereign immunity, and the Complaint against VSP should be dismissed.

---

[1] The Complaint does not appear to allege claims against the officer defendants in their official capacities. Of course, such claims would also be barred by sovereign immunity.  *See infra* at 2.

**Legal Argument**

VSP moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A court may properly dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when a "court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.* Where, as here, the claims are barred by sovereign immunity, subject matter jurisdiction is lacking. *See id.* ("sovereign immunity is jurisdictional in nature").

**I.     The Claims Against VSP are Barred by Sovereign Immunity.**

"[T]he State's immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). This immunity arises from the structure of the Constitution itself and is not premised on or limited by the language of the Eleventh Amendment. *Id.* at 728 (citing *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997)). Consequently, "States retain constitutional immunity from private suits in their own courts," *Alden*, 527 U.S. at 745, "which applies against *all* private suits, whether in state or federal court." *Beaulieu v. State of Vermont*, 807 F.3d 478, 483 (2d Cir. 2015). Sovereign immunity also bars claims against state officials sued in their official capacities, as these are really claims against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Sovereign immunity further bars suits against state "agencies or departments" as well as suits against the state as a whole. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). VSP is a state agency. Vt. Stat. Ann. tit. 20, § 1811 (creating the Vermont

Department of Public Safety), § 1812 (defining State Police as employees of the Department of Public Safety).

Of course, sovereign immunity is not absolute. *Alden*, 527 U.S. at 755-56; *Beaulieu*, 807 F.3d at 483. Sovereign immunity does not bar a suit if the State has consented to be sued. *Coll. Sav. Bank v. Fla. Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Jacobs v. State Teachers' Ret. Sys. of Vt.*, 174 Vt. 404, 408, 816 A.2d 517, 521 (2002) (mem.). And because the States surrendered a portion of their sovereignty when adopting the Fourteenth Amendment, "Congress may authorize private suits against nonconsenting States pursuant to its § 5 enforcement power." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

However, sovereign immunity can only be waived "expressly by statute," *Jacobs*, 174 Vt. at 408, and Vermont has not waived its immunity to the claims asserted here. While Vermont has waived its immunity to certain types of suits in the Tort Claims Act, Vermont has expressly preserved its Eleventh Amendment immunity in the Tort Claims Act. *See* 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). Indeed, nothing in the Tort Claims Act indicates that Vermont has consented to private suits against the State to enforce federal statutes. *Beaulieu*, 807 F.3d at 483.

Nor has Congress abrogated Vermont's immunity for the claims asserted here. "Congress's mere creation of a private right of action does not prevent a state from asserting its immunity to suit." *Beaulieu*, 807 F.3d at 483. Rather, to impose an obligation on the States, Congress's intention to abrogate must be unequivocally clear in the statute creating the private right of action. *In re Charter Oak Assoc.*, 361 F.3d 760, 75-67 (2d Cir. 2004). Yet Congress did not express its intention to abrogate the States' immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21

(1991).  In fact, state agencies and state actors, in their official capacity, are not even "persons" subject to liability under § 1983.  *Will*, 491 U.S. at 64.

Vermont has not consented to be sued in this Court, and Congress has not abrogated Vermont's immunity from the claims asserted in the Complaint.  Accordingly, VSP and its officers sued in their official capacity are immune from suit on Plaintiffs' claims and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### Conclusion

WHEREFORE, Defendants respectfully request that the Court grant this motion and dismiss the claims against the Vermont State Police.

DATED at Williston, Vermont this 28th day of January 2022.

> STATE OF VERMONT
> THOMAS J. DONOVAN, JR.
> ATTORNEY GENERAL
>
> By: */s/ Kate Gallagher*
> Kate Gallagher
> Assistant Attorney General
> Office of the Attorney General
> 109 State Street
> Montpelier, VT 05609-1001
> (802) 828-1101
> kate.gallagher@vermont.gov
>
> Counsel for Defendant
> Vermont State Police

4