UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT


CHRISTOPHER CAMPBEL,         )
         Plaintiff,              )
                              )
      v.                       )        Civil No. 2:22-cv-00006
                              )
ROBERT ZINK, JEREMY SULLIVAN,   )
DAVID PFINDEL, JOHN/JANE DOES    )
#1-10 (fictiously named), and        )
VERMONT STATE POLICE,         )
         Defendants.          )


**<u>DEFENDANT DAVID PFINDEL'S ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND</u>**

Defendant David Pfindel hereby answers the Complaint against him as follows:

1. Paragraph 1 is a characterization of the Complaint to which no response is required
   and none is made, except that Defendant denies he violated Plaintiff's constitutional
   rights or that Plaintiff is entitled to relief against him under 42 U.S.C. §§ 1983 or
   1988.

2. Admitted that Plaintiff is invoking federal jurisdiction pursuant to 28 U.S.C. §§ 1331
   and 1367.

3. Admitted that venue is proper in the District of Vermont.

4. The allegations set forth in paragraph 4 pertain to a party other than this Defendant;
   therefore, no response is required and none is made.

5. The allegations set forth in paragraph 5 pertain to a party other than this Defendant;
   therefore, no response is required and none is made.

6.  The allegations set forth in paragraph 6 pertain to a party other than this Defendant; therefore, no response is required and none is made.

7.  Defendant admits the allegations in paragraph 7.

8.  The allegations set forth in paragraph 8 pertain to unidentified parties not this Defendant; therefore, no response is required and none is made.

9.  The allegations set forth in paragraph 9 pertain to a party other than this Defendant; therefore, no response is required and none is made.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 pertaining to Plaintiff's conduct but admits the roadway was covered in snow and ice.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 related to Plaintiff's or Sullivan's conduct prior to his arrival on the scene.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12 that prior to his arrival on the scene Sullivan was on Plaintiff's property unlawfully and acted improperly. Defendant admits that Sullivan arrested Plaintiff.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 that prior to his arrival on the scene Sullivan assaulted Plaintiff, acted unlawfully, or falsely claimed that Plaintiff was resisting arrest and had charged Sullivan.  Defendant admits that Sullivan stated over his radio that Plaintiff was resisting and had charged Sullivan.

14. Defendant admits that Sullivan had his taser drawn when Defendant arrived on the scene but denies knowledge or information sufficient to form a belief as to whether Sullivan stated he would discharge it if Plaintiff did not comply with Sullivan's orders. Defendant denies that Sullivan's orders were unlawful and further denies that Plaintiff complied with Sullivan's orders. Defendant denies that Sullivan directed Plaintiff to get on his knees and put his hands behind his back, but states that he believes Zink made this statement.  Defendant admits that Plaintiff repeatedly stated he was on his driveway.

15. Defendant admits that Plaintiff turned his back to the officers and got on his knees but denies that he placed his hands behind his back. Defendant admits that Sullivan and Zink took Plaintiff to the ground to cuff Plaintiff but denies that he took Plaintiff to the ground.

16. Defendant denies knowledge or information sufficient to form a belief as to all the specific actions taken by Zink when taking Plaintiff to the ground but denies that Zink violently twisted Plaintiff's arm.

17. Defendant denies that Plaintiff was not resisting. Defendant denies knowledge or information sufficient to form a belief as to the specific actions taken by Zink when taking Plaintiff to the ground or Plaintiff's ability to breathe.  Defendant admits that Zink went through Plaintiffs' pockets while Plaintiff was face down, removed items and threw them on the ground. Defendant admits that Sullivan and Zink went through Plaintiff's pockets when he was turned onto his back. Defendant further states that he retrieved the items.

18. Defendant admits that Zink and Sullivan pulled Plaintiff to his feet but denies that such action was violent or excessive.  Defendant admits that Zink and Sullivan began to walk Plaintiff towards the cruiser but denies that Plaintiff slipped and lost his balance.  Defendant further admits that when Campbell spun and twisted his body it caused all three individuals to fall onto the ground.

19. Defendant denies that Sullivan threw Plaintiff to the ground when Plaintiff tried to get to his feet. Defendants admits that as Plaintiff resisted being transported to the cruiser Sullivan attempted to gain control of Plaintiff by striking him in the face.

20. The allegations in paragraph 20 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant admits that Zink punched Plaintiff in the lower body and head. Defendant further admits that Plaintiff was handcuffed, lying on the ground and was face down at some points. Defendant denies that Sullivan did not intervene. Defendant admits that he did not intervene, but further states that he did not have an opportunity or time to do so and that Sullivan quickly intervened.

21. Defendant admits that Zink pulled Plaintiff to the cruiser, while handcuffed, but denies knowledge or information sufficient to form a belief as to the location of Plaintiff's head in relation to the car door. Defendant admits that he did not intervene when Zink pulled Plaintiff to the cruiser but denies that intervention was required or that he had an opportunity and time to do so.

22. Defendant admits that that Plaintiff was bleeding from his face and head after wrestling and fighting with Zink and Sullivan and falling to the icy roadway, but Defendant denies knowledge or information sufficient to form a belief as to the cause

of the bleeding or the nature of Plaintiff's injury. Defendant denies that Defendants refused to provide medical care or that Plaintiff was not provided with timely medical attention.

23. Defendant admits that he transported Plaintiff to the barracks where Plaintiff refused medical care. Defendant admits that he did not advise Plaintiff of the charge against him when transporting Plaintiff to the barracks. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

24. The allegations set forth in paragraph 24 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the nature and extent of any injuries purportedly sustained by Plaintiff and the cause of those alleged injuries, except to state that Plaintiff was bleeding after he was wrestling and fighting with Officers Sullivan and Zink and fell on the icy roadway. Defendant further denies that his actions caused Plaintiff to sustain any injury.

<u>COUNT ONE</u>

25. Defendant repeats and realleges his responses to paragraphs 1 through 24 as though set forth at length.

26. The allegations set forth in paragraph 26 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he violated Plaintiff's rights or struck Plaintiff.

27. The allegations set forth in paragraph 27 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he subjected Plaintiff to unnecessary or unreasonable force.

28. The allegations set forth in paragraph 28 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant admits that there was an application of force in response to Plaintiff's conduct but denies that he used excessive force.

29. The allegations set forth in paragraph 29 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that his actions caused Plaintiff to sustain injury.

30. Defendant denies the allegation set forth in paragraph 30.

<u>COUNT TWO</u>

31. Defendant repeats and realleges his responses to paragraphs 1 through 30 as though set forth at length.

32. The allegations set forth in paragraph 32 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that Plaintiff did not receive timely medical attention and further states that Plaintiff refused medical care.

33. The allegations set forth in paragraph 33 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant admits he knew Plaintiff had sustained injuries when he was wrestling and fighting with Officers Sullivan and Zink and fell on the icy roadway but denies that he knew the injuries were severe or that the injuries resulted from an unlawful use of force.

34. Defendant admits that he knew Plaintiff was bleeding but denies that he knew Plaintiff was experiencing pain and further denies that he assaulted Plaintiff.

35. The allegations set forth in paragraph 35 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that his actions caused Plaintiff to sustain injury or feel pain.

36. Defendant denies the allegations set forth in paragraph 36.

<u>COUNT THREE</u>

37. Defendant repeats and realleges his responses to paragraphs 1 through 36 as though set forth at length.

38. The allegations set forth in paragraph 38 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he had an affirmative duty to intervene in this case.

39. The allegations set forth in paragraph 39 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he had the ability or duty to intervene when Plaintiff wrestled and fought with Defendants Sullivan and Zink.

40. The allegations set forth in paragraph 40 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he breached any duty under 42 U.S.C. § 1983.

41. The allegations set forth in paragraph 41 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, denied that Defendant knew his conduct violated Plaintiff's rights or that Plaintiff was not given and offered timely medical care.

42. The allegations set forth in paragraph 42 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant

denies knowledge or information sufficient to form a belief as to any emotional or psychological injury or pain allegedly sustained by Plaintiff or the cause of that alleged injury or pain, except to state that Plaintiff was bleeding after he was wrestling and fighting with Officers Sullivan and Zink and fell on the icy roadway. Defendant further denies that his actions caused Plaintiff to sustain injury.

43. Defendant denies the allegations set forth in paragraph 43.

<u>COUNT FOUR</u>

44. Defendant repeats and realleges his responses to paragraphs 1 through 43 as though set forth at length.

45. The allegations set forth in paragraph 45 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, denied that Defendant assaulted or battered Plaintiff.

46. Defendant denies the allegations set forth in paragraph 46.

47. The allegations set forth in paragraph 47 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, denied that Defendant had no legal privilege as to his conduct or any use of force by him.

48. The allegations set forth in paragraph 48 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies knowledge or information sufficient to form a belief as to any injury allegedly sustained by Plaintiff or the cause of that alleged injury, except to state that Plaintiff was bleeding after he was wrestling and fighting with Officers Sullivan and Zink and fell on the icy roadway. Defendant further denies that Plaintiff was in fear or terror or that his actions caused Plaintiff to sustain injury.

49. Defendant denies the allegations set forth in paragraph 49.

COUNT FIVE

50. Defendant repeats and realleges his responses to paragraphs 1 through 49 as though set forth at length.

51. The allegations set forth in paragraph 51 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies that he negligently caused injury to Plaintiff or violated his rights.

52. The allegations set forth in paragraph 52 call for a legal conclusion; therefore, no response is required and none is made. To the extent an answer is required, Defendant denies knowledge or information sufficient to form a belief as to the nature or extent of any injury allegedly sustained by Plaintiff or the cause of that alleged injury, except to state that Plaintiff was bleeding after he was wrestling and fighting with Officers Sullivan and Zink and fell on the icy roadway. Defendant further denies that his actions caused Plaintiff to sustain injury.

53. Defendant denies the allegations set forth in paragraph 53.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim

2. Qualified immunity

3. Assumption of the Risk

4. Contributory/Comparative Negligence

5. Privileged Use of Force

6. Failure to mitigate damages

9

## DEMAND FOR TRIAL BY JURY

Defendant Pfindel demands a trial by jury on all issues so triable.


DATED at Williston, Vermont this 18th day of February 2022.

STATE OF VERMONT

THOMAS J. DONOVAN, JR.
ATTORNEY GENERAL

By:      */s/ Kate Gallagher*
Kate Gallagher
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1101
kate.gallagher@vermont.gov

Counsel for Defendant
David Pfindel